TIMOTHY C. FOX
Montana Attorney General
DALE SCHOWENGERDT
Solicitor General
PATRICK M. RISKEN
MELISSA SCHLICHTING
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone:  406-444-2026
Fax:  406-444-3549
dales@mt.gov
prisken@mt.gov
mschlichting@mt.gov

COUNSEL FOR DEFENDANTS ATTORNEY GENERAL AND GOVERNOR

KEVIN GILLEN
MARK A. ENGLISH
Deputy Yellowstone County Attorneys
Yellowstone County Courthouse Room 701
P.O. Box 35025
Billings, MT 59107
Phone: 406-256-2870
kgillen@co.yellowstone.mt.gov
menglish@co.yellowston.mt.gov

COUNSEL FOR DEFENDANTS YELLOWSTONE COUNTY ATTORNEY
AND YELLOWSTONE COUNTY CLERK OF DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRISTINE COLLIER (PARKINSON), VICTORIA "VICKI" COLLIER, and NATHAN COLLIER,<br><br>Plaintiffs,<br>v.<br><br>TIM FOX, in his official capacity as Attorney General of Montana; STEVE BULLOCK, in his official capacity as Governor of Montana; SCOTT TWITO, in his official capacity as Yellowstone County Attorney, and KRISTIE LEE BOELTER, in her official capacity as Clerk of Yellowstone County District Court,<br><br>Defendants. | Cause No. CV-15-83-BLG-SPW-CSO<br><br>**BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendants, Attorney General Tim Fox, Governor Steve Bullock, Yellowstone County Attorney Scott Twito, and Yellowstone County Clerk of District Court Kristie Lee Boelter hereby jointly file this Brief in Support of their Joint Motion to Dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## INTRODUCTION

This case presents a classic pre-enforcement challenge to long-standing, yet rarely enforced, state criminal statutes. Plaintiffs have filed this case challenging

Montana Code Annotated §§ 45-5-611 and -612 (hereinafter collectively referred to as "Montana's criminal bigamy statutes") as unconstitutional and seeking to enjoin their enforcement. Doc. 1, ¶¶ 34-35, 39; Prayer for Relief, ¶¶ 1-2. Plaintiffs, however, have not established that they have standing to challenge Montana's criminal bigamy statutes, or that their claims are ripe, because there is no credible threat that they will be prosecuted under the criminal bigamy statutes.

It is important to note that although Plaintiffs Nathan Collier and Christine Collier-Parkinson were denied a marriage license on June 30, 2015 (Doc. 1, ¶ 128), Plaintiffs' Complaint does not appear to challenge that denial. Instead, Plaintiffs' Complaint appears to challenge only the constitutionality of Montana's criminal bigamy statutes. Doc. 1, ¶¶ 34-35, 39; Prayer for Relief, ¶¶ 1-2. It appears, but it is not clear on the face of the Complaint, that Plaintiffs interpreted their denial of a marriage license as enforcement of Montana's criminal bigamy statutes, which it is not, and thus, challenge the constitutionality of Montana's criminal bigamy statutes rather than the denial of a marriage license.

Along those lines, Plaintiffs have modeled their Complaint (Doc. 1) on a very similar complaint filed in Utah in 2011, challenging the constitutionality of Utah's statutes criminalizing bigamy. *See*, Complaint, *Brown v. Herbert*, Case No. 2:11-cv-000652-CW (U.S. Dist. Court of Utah--Central Division) filed July 13, 2011 (attached as Ex. B to Declaration of Melissa Schlichting). In fact,

Plaintiffs' claims are nearly identical to those of the plaintiffs in the *Brown v. Herbert* lawsuit filed in Utah (Compare Doc. 1 ¶¶ 138-89, with Ex. B to Decl. of Melissa Schlichting, ¶¶ 178-229) where the plaintiffs were able to pursue their claims against only the Utah County Attorney because they demonstrated a "credible threat" of prosecution. *Brown v. Herbert*, 850 F. Supp. 2d 1240, 1251-52 (D. Utah, Feb. 3, 2012). Plaintiffs have not demonstrated a similar "credible threat" of prosecution in this case.

## FACTS

Plaintiffs live together as a plural family where Plaintiffs Nathan Collier and Victoria Collier are legally married, and Plaintiffs Nathan Collier and Christine Collier-Parkinson believe that they are spiritually married. Doc. 1, ¶¶ 9, 16. Plaintiffs Nathan Collier and Christine Collier-Parkinson desire to legally marry each other, but Plaintiff Christine Collier-Parkinson does not desire to legally marry Plaintiff Victoria Collier. Doc. 1, ¶ 13.

Plaintiffs Nathan Collier and Christine Collier-Parkinson attempted to obtain a marriage license from the Yellowstone County Clerk of District Court's Office on June 30, 2015. Doc. 1, ¶ 128. By letter dated July 14, 2015, Deputy Yellowstone County Attorney Kevin Gillen stated that the Yellowstone County Clerk of District Court's Office was correct to deny Plaintiffs Nathan Collier and

Christine Collier-Parkinson a plural marriage license. A copy of the July 14, 2015, letter is attached as Exhibit A to the Decl. of Melissa Schlichting.

Plaintiffs admit that the July 14, 2015, letter "did not *explicitly* say that the State of Montana would be prosecuting members of the Collier family" for bigamy, but appear to have interpreted the letter as "hinting that it [Yellowstone County Attorney's Office] could prosecute the Collier family." Doc. 1, ¶¶ 131, 186. The letter, however, is not a threat of prosecution. It simply states that the Clerk could not issue a marriage license for a plural marriage.

## ARGUMENT

### I. THIS COURT SHOULD DISMISS THIS ACTION BECAUSE PLAINTIFFS HAVE FAILED TO SATISFY THE REQUIREMENTS OF STANDING AND RIPENESS.

Article III of the United States Constitution limits federal court jurisdiction to only *actual* "cases" and "controversies." U.S. Const. art. III, § 2; *Allen v. Wright*, 468 U.S. 737, 750 (1984). "'The party invoking federal jurisdiction bears the burden of establishing' standing." *Clapper v. Amnesty Int'l USA*, 568 U.S. ___, ___, 133 S. Ct. 1138, 1149-50, 189 L. Ed. 2d 264, 277 (2013), quoting *Lujan v. Defenders of the Wildlife*, 504 U.S. 555, 560 (1992); *see also Chandler v. State Farm Mut. Auto Ins.*, 598 F.3d 1115, 1122 (9th Cir. 2010). This includes

establishing standing to bring claims and establishing that the claims themselves are ripe. *Chandler*, 598 F.3d at 1121.

Challenges to standing and ripeness are properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1), because both "standing and ripeness pertain to federal courts' subject matter jurisdiction . . . ." *Chandler*, 598 F.3d at 1122. Additionally, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed R. Civ. P. 12(h)(3).

This Court should dismiss this action because Plaintiffs have failed to show an injury in fact and, thus, they lack standing to pursue this action. Further, Plaintiffs present only speculative injuries and, thus, their claims are not ripe. Under either ground, this Court lacks subject matter jurisdiction.

### Plaintiffs Lack Standing.

"To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony* at ___, 134 S. Ct. at 2341, 189 L. Ed. 2d at 255, quoting *Lujan,* 504 U.S. at 560-61.

### Plaintiffs Fail to Show an Injury in Fact.

An injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" in order to satisfy Article III standing. *Lujan*,

504 U.S. at 560 (internal quotation marks omitted).  Plaintiffs claim injury because Montana's criminal bigamy statutes deprive them of the right to marry and "threaten plural families with criminal prosecution."  Doc. 1, ¶¶ 143, 156.  More specifically, Plaintiffs claim that the threatened criminal prosecution has had a chilling effect on their First Amendment rights, as well as other constitutional rights.  Doc. 1, ¶¶ 181, 186.

First Amendment cases have "relaxed" standing requirements for "pre-enforcement challenges," allowing parties to establish an injury by showing that a statute poses a realistic danger of direct injury.  *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010).  Even under this standard, however, the "touchstone for determining injury in fact is whether the plaintiff has suffered an injury or threat of injury that is credible, not 'imaginary or speculative.'"  *Lopez*, 630 F.3d at 786 (citations omitted).  To determine if a "credible threat" of enforcement exists, courts consider whether "the pre-enforcement plaintiffs have failed to show a reasonable likelihood that the government will enforce the challenged law against them."  *Lopez*, 630 F.3d at 786.

Here, Plaintiffs have not demonstrated a "reasonable likelihood" that the Defendants will enforce Montana's criminal bigamy statutes against them.[1]  First, in support of Plaintiffs' first, second, third, fourth, and seventh claims that Montana's bigamy statutes are unconstitutional, Plaintiffs offer no evidence of threatened enforcement other than the existence of the statutes themselves.  Doc. 1, ¶¶ 138-79, 188-89.  Reliance on the existence of the statute alone is insufficient to establish a "reasonable likelihood" of enforcement, and falls incredibly short of being a "credible threat."  *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (*en banc*) ("neither the mere existence of a statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement.") (citations omitted).

Next, with respect to Plaintiffs' fifth and sixth claims that Montana's bigamy statutes violate their First Amendment rights, Plaintiffs refer to both the statutes

---

[1] Aside from the fact that the Plaintiffs face no credible threat of enforcement, they also have failed to state a claim for relief because the Supreme Court has rejected claims that prohibiting polygamy violates the right to Free Speech and the Free Exercise of religion, and has otherwise affirmed States' right to prohibit polygamy.  *See, e.g., Musser v. Utah,* 333 U.S. 95 (1948) (rejecting Free Speech challenge related to polygamy); *Employment Div. v. Smith,* 494 U.S. 872, 879 (1990) (recognizing Court's rejection of Free Exercise challenge to polygamy laws) (citing *Reynolds v. United States,* 98 U.S. 145 (1879)); *Murphy v. Ramsey,* 114 U.S. 15 (1885) (upholding constitutionality of law that denied the right to vote to individuals practicing polygamy).  But because the Plaintiffs' claims challenging the criminal bigamy statutes are not justiciable, and because they have not raised claims against the general prohibition against licensing polygamous relationships, it is not necessary to address that issue at this stage.

themselves and the July 14, 2015, letter to Plaintiffs from Deputy Yellowstone County Attorney Kevin Gillen. Doc. 1, ¶¶ 181-83, and 185-87; Ex. A to Decl. of Melissa Schlichting. However, the July 14, 2015, letter contains no threat of prosecution. At most, the July 14, 2015, letter only advised that attempting to obtain a second marriage license, as opposed to a plural marriage license, would be considered bigamy under Montana law. *See* Decl. of Melissa Schlichting, Ex. A ("[a]s I understand your request, while both of you are lawfully married to each other, you seek to engage in yet another state licensed marriage. That act, by either or both of you, would be considered bigamy in Montana.").

In fact, Plaintiffs themselves characterize the July 14, 2015, letter as only "hinting that it [the County Attorney's Office] could prosecute the Collier family for having requested a marriage license." Doc. 1, ¶ 186. Further, Plaintiffs admit that the July 14, 2015, letter "did not *explicitly* say that the State of Montana would be prosecuting members of the Collier family." Doc. 1, ¶ 131. Plaintiffs' stated understanding of the July 14, 2015, letter demonstrates that the threatened prosecution is speculative at best and, thus, is not sufficient to establish a "reasonable likelihood" of enforcement. As such, Plaintiffs fail to establish a "credible threat" of prosecution.

Additionally, courts may consider the history of past prosecution or enforcement when determining if a "credible threat" of prosecution exists.

*Lopez¸* 630 F.3d at 787-88 ("[a] history of past enforcement against parties similarly situated to the plaintiffs cuts in favor of a conclusion that a threat is specific and credible.") (citations omitted).  Plaintiffs have failed to show any history whatsoever of enforcement of Montana's bigamy statutes by the State or Yellowstone County officials.

On balance, the absence of any evidence of a "reasonable likelihood" of prosecution, along with the lack of history of past prosecution weighs heavily against there being a "credible threat" of prosecution.  Thus, Plaintiffs have failed to show an injury in fact and, as a consequence, lack standing to challenge Montana's criminal bigamy statutes.

## II.   PLAINTIFFS' CLAIMS ARE NOT RIPE.

The doctrine of ripeness requires courts to "dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur[.]"  *Chandler*, 598 F.3d at 1122.  There are two ripeness components:  constitutional ripeness and prudential ripeness.  *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d at 1138, quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993).  Neither component is met in this case.

"The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d at 1138.  As discussed above, no substantial controversy exists between the parties because Plaintiffs have failed to establish injury in fact.  Thus, there is no constitutional ripeness.

Prudential considerations of ripeness require courts to consider "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d at 1141 (citations omitted).  "The hardship analysis of our ripeness jurisprudence dovetails, in part, with the constitutional consideration of injury." *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d at 1142.

Here, the hardship element is not satisfied because, as discussed above, Plaintiffs have not established an injury in fact because there is no "credible threat" of enforcement. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d at 1142 ("the absence of any real or imminent threat of enforcement, particularly criminal enforcement, seriously undermines any claim of hardship.").  The appropriate time for Plaintiffs to raise their constitutional arguments is when they actually face prosecution, or at least the "credible threat" of prosecution.  *See also Bronson v. Swenson,* 500 F.3d 1099, 1109 (10th Cir. 2007).

## CONCLUSION

For the foregoing reasons this Court should dismiss this action.

Dated this 16th day of October, 2015.

        TIMOTHY C. FOX
        Montana Attorney General
        DALE SCHOWENGERDT
        Solicitor General
        PATRICK M. RISKEN
        MELISSA SCHLICHTING
        Assistant Attorneys General
        215 North Sanders
        P.O. Box 201401
        Helena, MT 59620-1401

        By:   */s/ Melissa Schlichting*
                MELISSA SCHLICHTING
                Assistant Attorney General
                Counsel for Defendants
                Attorney General and Governor


        KEVIN GILLEN
        MARK A. ENGLISH
        Deputy Yellowstone County Attorneys
        Yellowstone County Courthouse, Rm. 701
        P.O. Box 35025
        Billings, MT 59107-5025

        By:   */s/ Kevin Gillen*
                KEVIN GILLEN
                Deputy Yellowstone County Attorney
                Counsel for Defendants
                Yellowstone County Attorney and
                Yellowstone County Clerk of District
                Court

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system. Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Pro se plaintiffs will be served by First Class Mail addressed as follows:

>Ms. Christine Collier (Parkinson)
>Ms. Victoria Collier
>Mr. Nathan Collier
>827 Starlight Circle
>Billings, MT 59101

Dated:  October 16, 2015            */s/ Melissa Schlichting*
                                                    MELISSA SCHLICHTING
                                                    Assistant Attorney General
                                                    Counsel for Defendants